## JEFFERSON ELECTRIC CO. v. FRANCE MFG. CO.

No. 5431.

·District Court, N. D. Ohio, E. D.
June 4, 1938.

Brown, Jackson, Beottcher & Dienner, of Chicago, Ill., M. B. & H. H. Johnson, of Cleveland, Ohio, and John A. Dienner and Frank Parker Davis, both of Chicago, Ill., for plaintiff. ·

Bates, Golrick & Teare, of Cleveland, Ohio, for defendant.

No. 5431.

District Court, N. D. Ohio, E. D.
Oct. 3, 1940.

**836**

Brown, Jackson, Boettcher & Dienner, of Chicago, Ill., M. B. & H. H. Johnson, of Cleveland, Ohio, and John A. Dienner and Frank Parker Davis, both of Chicago, Ill., for plaintiff.

Bates, Golrick & Teare, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The defendant prays for an order to the master to exclude from the accounting the transformer manufactured by the defendant since the decree. The plaintiff opposes such order, and the matter was submitted upon affidavits, oral arguments, and briefs. The decree of this court dated April 23, 1938 (West, J.) directed an accounting as to all "transformers embodying the invention or inventions of the said Letters Patent defined in claims 8, 15, and 19 thereof". It is the defendant's contention, however, that the decree found infringement by certain transformers before the court at that time, but that no adjudication of infringement has been made against the transformers which the defendant is now making (Petition Exhibit 4 or 50).

The defendant first came into this court and asked for a modification of the injunction so as to exclude from its effect the transformer now being manufactured by defendant. The plaintiff opposed that application and in open court waived its right to contempt proceedings. This court thereupon dismissed the application for modification of injunction. The defendant claims that the transformer which it is now manufacturing does not infringe the patents upheld by the decree of this court dated April 23, 1938 (West, J.) and affirmed by the Circuit Court of Appeals (6 Cir., 106 F.2d 605). The plaintiff insists that it does infringe, and therefore wishes it included in the accounting. The defendant offered to join issue by filing its application for modification of the injunction. If the court, having dismissed that application, now dismissed the petition for order to the master, it would, in effect, settle the difference between plaintiff and defendant as to the new transformer without having given the defendant a day in court.

It seems to this court that the issue of infringement should be determined only after issue joined and proper hearing. It should not be decided peremptorily by this court or by the master taking the accounting. The plaintiff, having waived contempt proceedings, must be required to pursue its other lawful remedies. This court has indicated its view that the differences between plaintiff and defendant require a trial by a new action rather than by application for modification of injunction. For the same reason the court feels that the issues can be better determined by a new action than by a ruling in the accounting proceeding. This court bases its action upon Hartford-Empire Co. v. Obear-Nester Glass Co., 8 Cir., 95 F.2d 414, but does not determine at this time the defendant's charge of laches against the plaintiff, leaving that issue, if raised, to be determined in whatever infringement action is taken by the plaintiff against the defendant.

Prayer of petition allowed. The master will be directed to exclude from the accounting the devices set forth in such petition.